IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MISC ACTION NO. |
| v. | ) | 2:10mc3488-MHT |
| | ) | (WO) |
| FEDERICO VIEYRA-GARCIA, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

By final judgment entered January 5, 2010, plaintiff
United States of America is to have and recover from
defendant Federico Vieyra-Garcia the sum of $ 25,200.00.
On February 1, 2010, the United States filed an
application for:

> "a writ of execution for the seizure
> from the garnishee, Regions Bank, 100
> 7th Street, South, Clanton, AL 35045,
> all property held in the possession of
> Regions Bank, in the name of Federico
> Vieyra-Garcia, a/k/a Bama Tree Planting
> and Primo Construction up to the amount
> of $ 25,206.73, as of January 27, 2010,
> plus interest accruing at the rate of
> .410% per annum."

Application at 1 (Doc. No. 1).

The writ of execution issued and was delivered to the United States Marshal for the Middle District of Alabama on February 3, 2010.  The writ states, in relevant part, "TO THE UNITED STATES MARSHAL FOR THE MIDDLE DISTRICT OF ALABAMA: ... you are commanded to seize from the garnishee, Regions Bank, any and all proceeds belonging to ... defendant, Federico Vieyra-Garcia."  Writ at 1 (Doc. No. 2).  Despite the writ's command, the marshal apparently treated the writ of execution as a writ of garnishment and served it on Regions Bank.

Regions Bank also apparently treated the writ of execution as a writ of garnishment.  On February 16, 2010, Regions Bank filed an answer to the writ of execution stating: "Garnishee has in Garnishee's possession or control property or money belonging to Defendant, which is not wages, salary or other compensation, namely: 75.66, and is holding the property or money subject to orders of the court."  Answer (Doc.

No. 3). Rather than requesting that the marshal respond appropriately to the command of the writ of execution, the United States subsequently filed a motion for release of funds.

The court finds that the United States has decided to treat the writ of execution as a writ of garnishment. Pursuant to 28 U.S.C. § 3205(c)(3), the United States is required to "serve the ... judgment debtor with a copy of the writ of garnishment and shall certify to the court that this service was made." The United States shall also serve the judgment debtor with "instructions ... for objecting to the answer of the garnishee and for obtaining a hearing on the objections." § 3205(c)(3)(B). The government has filed proof that Vieyra-Garcia was served with the writ, see Acknowledgment of Service (doc. no. 6), but there is nothing before the court certifying that he was served with Regions Bank's answer or instructions for filing objections and obtaining a hearing. Nor, for the reasons discussed above, does the

3

court expect that Vieyra-Garcia would understand the writ as a writ of garnishment.

Accordingly, it is ORDERED that:

(1) Plaintiff United States of America's motion to release funds (doc. no. 5) is denied.

(2) Plaintiff United States of America's application for a writ of execution (doc. no. 1) is treated as an application for a writ of garnishment, and the writ of execution (doc. no. 2) is treated as a writ of garnishment.

(3) By August 12, 2010, plaintiff United States of America shall serve defendant Federico Vieyra-Garcia with a copy of the writ (doc. no. 2), a copy of Regions Bank's answer to the writ (doc. no. 3), this order, and instructions for objecting to the answer and for obtaining a hearing on the objections.  Also, plaintiff United States of America shall certify to the court when such service has been made.

4

(4) Defendant Federico Vieyra-Garcia shall have 20 days after the receipt of the writ and answer to file a written objection to the answer and request a hearing. If no timely objection is made, plaintiff United States of America may re-file its motion to release funds.

In the future, the United States is expected to treat writs of execution as writs of execution.  If the United States wants a writ of garnishment, it should apply for a writ of garnishment.

DONE, this the 10th day of August, 2010.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE